Lillie M. Middlebrooks, *pro se*
P.O. Box 1152
Rome, Georgia 30162

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 03 2024

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA DIVISION)

| | |
|---|---|
| **LILLIE M. MIDDLEBROOKS,** | Case No.: 1:24-CV-3921 |
| Plaintiff, | |
| vs. | **COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT** |
| **EQUIFAX INC., EQUIFAX INFORMATION SERVICES LLC,** | **JURY TRIAL DEMAND** |
| Defendants. | |

## COMPLAINT AND JURY TRIAL DEMAND

1. Plaintiff, Lillie M. Middlebrooks, appearing *pro se*, and for her Complaint against Equifax Inc and Equifax Information Services LLC states alleges, and avers as follows:

## PRELIMINARY STATEMENT

2. This is an action for actual damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. §§ 1681, et seq. of the Fair Credit Reporting

1

Act for Equifax Inc. and Equifax Information Services LLC's intentional failure to produce Plaintiff's credit file as mandated by the FACT Act.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b), because the events, acts, and omissions giving rise to Plaintiff's claims occurred in this District in that Equifax Inc. and Equifax Information Services LLC carried out Equifax Inc. and Equifax Information Services LLC's intentional failure to produce Plaintiff's Equifax's credit file as mandated by the FACT Act in this judicial district because Plaintiff's residential home is in this judicial district.

## PARTIES

5. Plaintiff, Lillie M. Middlebrooks is an adult individual who is a citizen of the State of Georgia.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Defendant Equifax Inc. "Equifax" is a Georgia corporation with its principal place of business located at 1550 Peachtree St. NW, H46, Atlanta, Georgia 30309-2402.

2

8. Defendant, Equifax Information Services LLC ("Equifax"), is a Georgia limited liability company with its principal place of business located at 1550 Peachtree St. NW, H46, Atlanta, Georgia 30309-2402.

## FACTUAL ALLEGATIONS

9. Equifax Inc. is the parent corporation to Equifax Information Services LLC. and owns 100% of Equifax Information Services LLC.

10. Equifax Inc. is regulated as a "consumer reporting agency" ("CRA") under the FCRA 15 U.S.C. § 1681a(f).

11. Equifax Information Services LLC is regulated as a "consumer reporting agency" ("CRA") under the FCRA 15 U.S.C. § 1681a(f).

12. Equifax Information Services LLC is wholly owned by Equifax, Inc., and both Equifax Inc. and Equifax Information Services LLC act as agents or the alter-egos of each other in regards to the Fair Credit Reporting Act and in regards the FACT Act

13. Equifax Inc. "Equifax" is a nationwide Consumer Reporting Agency (CRA) that issues Annual File Disclosures pursuant to the FACT Act.

14. Equifax Information Services LLC ("Equifax"), is a nationwide Consumer Reporting Agency (CRA) that issues Annual File Disclosures pursuant to the FACT Act.

3

15. Central Source LLC is the centralized source for consumers to request Annual File Disclosures from nationwide consumer reporting agencies as mandated under 12 C.F.R. § 1022.136 (a).

16. The purpose of the centralized source is to enable consumers to make a single request to obtain annual file disclosures from all nationwide consumer reporting agencies, as required under section 612(a) of the FCRA, 15 U.S.C. 1681j(a). See 12 C.F.R. § 1022.136 (a).

17. Central Source LLC is jointly owned by Equifax Inc. ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC ("Trans Union").

18. The Fair and Accurate Credit Transactions Act, or FACT Act, is an amendment to the Fair Credit Reporting Act that was introduced back in 2003.

19. The FACT Act is the law that grants consumers access to one free credit report every 12 months from each nationwide consumer credit reporting agency, namely, Experian, Equifax, and Trans Union.

20. The FACT Act mandated for Experian, Equifax, and Trans Union to create a "centralized source" for consumers to contact for a free credit report as authorized under the FACT Act.

21. In 2004, Experian joined Equifax, and Trans Union to set up a central contact point through which consumers may request a free annual credit disclosure from each of the nationwide credit-reporting agencies.

22. Thereinafter, Equifax, Experian, and Trans Union jointly created a company called "Central Source, LLC" as a joint venture to process consumers' requests for free annual disclosures as mandated under the FACT Act.

23. To receive a free annual credit report, consumers need to provide Central Source, LLC with the consumer's name, consumer's address, consumer's Social Security number, and consumer's date of birth and then mail the consumer's request for an annual credit report to

**Annual Credit Report Request Service**

**P.O. Box 105281**

**Atlanta, GA 30348-5281**

24. Needlessly to say, during the month of August of 2022, Plaintiff forwarded to Central Source, LLC in Atlanta, Georgia a properly completed "Annual Credit Report Request Form" via United States Postal Service, first class mail to request for disclosure and production of Plaintiff's free annual credit report from Equifax.

5

25. A copy of "Annual Credit Report Request Form" is attached hereto as Exhibit A.

26. Within the Annual Credit Report Request Form, Plaintiff provided Central Source, LLC and Equifax Inc. with Plaintiff's name, Plaintiff's address, Plaintiff's Social Security number, and Plaintiff's date of birth for Central Source, LLC, and Equifax Inc. to mail Plaintiff's free Equifax's credit report to Plaintiff's mailing address located in Northwest Georgia.

27. Thereinafter, on or about September 9, 2022, Equifax Inc. and Equifax Information Services LLC caused a letter to be mailed to Plaintiff's mailing address located in Northwest Georgia which stated in pertinent part:

> We received your request for your annual free credit report from Equifax and look forward to assisting you. In order to protect you identity and ensure your privacy, we need some additional information before sending you your report.
>
> Because the information you provided as proof of your identity does not match the information, we currently have on your credit file, we ask that you send us a copy of two different items- one from each of the two categories listed below. One item will verify your identity and the other will verify your current address. We are responding to your request for a free annual credit report.

28. Equifax Inc. and Equifax Information Services LLC mandated Plaintiff to mail a copy of one of the following four (pay stub with complete social security number, W2 form with complete social security number, or valid social security card for Plaintiff to receive Plaintiff's annual credit file under the FACT Act during the year of 2022.

29. Equifax Inc. and Equifax Information Services LLC mandated Plaintiff to mail a copy of one of the following four (driver's license rental/agreement, pay stubs with address, and utility bill ) for Plaintiff to receive Plaintiff's annual credit file under the FACT Act during the year of 2022.

30. Thus, on or about September 9, 2022, Equifax Inc., and Equifax Information Services LLC mandated for Plaintiff to send a valid copy of Plaintiff's social security card and a valid copy of a Plaintiff's driver's license, in order for Plaintiff to receive a copy of Plaintiff's annual free credit file from Equifax Inc. and Equifax Information Services LLC because Equifax Inc. and Equifax Information Services LLC fraudulently attested that the information that Plaintiff provided on the Annual Credit Report Request Form dated for 2022 did not match the information that Equifax Inc. and Equifax Information Services LLC has in Plaintiff's Equifax credit file.

7

31.  In mandating Plaintiff to produce a valid copy of Plaintiff's social security card and to produce a valid copy of Plaintiff's drivers' license, Equifax Inc. and Equifax Information Services LLC willfully violated the FCRA by not providing Plaintiff with a free copy of Plaintiff's annual credit file on September 9, 2022, under the FACT Act because Equifax Inc. and Equifax Information Services LLC willfully lied that the identifying information that Plaintiff provided on the Annual Credit Report Request Form in 2022 did not match the identifying information that Equifax Inc. and Equifax Information Services LLC has in Plaintiff's Equifax credit file.

32.  Ironically, in 2019, 2020, and 2021, Plaintiff provided the same identifying information that Plaintiff mailed to Equifax in 2022 and in 2019, 2020, and 2021 Equifax Inc. and Equifax Information Services LLC provided Plaintiff with a free copy of Plaintiff's Equifax credit file in 2019, 2022, and 2021 under the FACT Act.

33.  Thus, in 2022 Equifax Inc. and Equifax Information Services LLC willfully violated the FCRA by not providing Plaintiff with a free copy of Plaintiff's annual credit file on September 9, 2022 under the FACT Act, because Equifax Inc. and Equifax Information Services LLC willfully lied that the identifying information that Plaintiff provided on the Annual Credit Report

Request Form in 2022 did not match the identifying information that Equifax Inc. and Equifax Information Services LLC has in Plaintiff's Equifax credit file.

34. Needlessly to say, during the month of July of 2024, Plaintiff forwarded to Central Source, LLC in Atlanta, Georgia a properly completed "Annual Credit Report Request Form" via United States Postal Service, first class mail to request for disclosure and production of Plaintiff's free annual credit report from Equifax.

35. A copy of "Annual Credit Report Request Form" is attached hereto as Exhibit A.

36. Within the Annual Credit Report Request Form, Plaintiff provided Central Source, LLC and Equifax Inc. with Plaintiff's name, Plaintiff's address, Plaintiff's Social Security number, and Plaintiff's date of birth for Central Source, LLC, and Equifax Inc. to mail Plaintiff's free Equifax's credit report to Plaintiff's mailing address located in Northwest Georgia.

37. Needless to say, Equifax Inc. and Equifax Information Services LLC did not provide Plaintiff with Plaintiff's free annual consumer disclosure within fifteen (15) days after the receipt of Plaintiff's request for a free credit report that Plaintiff forwarded to Central Source, LLC during the month of July of 2024. See 15 U.S.C. § 1681j(a)(2)

9

38. Henceforth, Equifax Inc. and Equifax Information Services LLC did not provide Plaintiff with Plaintiff's free annual consumer disclosure within fifteen (15) days after the receipt of Plaintiff's request for a free credit report that Plaintiff forwarded to Central Source, LLC during the month of of 2022. See 15 U.S.C. § 1681j(a)(2).

39. In doing the acts and omissions as set out in this complaint, Equifax Inc., and Equifax Information Services LLC willfully subjected Plaintiff to arbitrary, additional, unnecessary, unequal, and onerous requirement as conditions for disclosure of Plaintiff's free Equifax's consumer report to willfully deny Plaintiff's access to Plaintiff's Equifax credit file.

40. In doing the acts and omissions as set out in this Complaint, Equifax Inc. and Equifax Information Services LLC maliciously, willfully, and knowingly subjected Plaintiff to disgrace, ridicule, and discrimination by falsely claiming that Plaintiff did not provide sufficient personal information necessary to properly identify Plaintiff when Plaintiff forwarded to Central Source, LLC in Atlanta, Georgia a properly completed "Annual Credit Report Request Form" via United States Postal Service, first class mail to request for disclosure and production of Plaintiff's free credit report from Equifax during the month of August of 2022.

10

41. In doing the acts and omissions as set out in this Complaint, Equifax Inc. and Equifax Information Services LLC willfully violated the FCRA when Equifax Inc. and Equifax Information Services LLC emphatically refused to disclose Plaintiff's free consumer credit file to Plaintiff no later than 15 days after the date that Plaintiff forwarded to Central Source, LLC in Atlanta, Georgia a properly completed "Annual Credit Report Request Form" via United States Postal Service, first class mail during the month of August of 2022 and July of 2024.

42. As a result of Equifax Inc. and Equifax Information Services LLC ill will, vindictive, and profoundly vicious conduct, Plaintiff is severely injured psychologically and emotionally thus causing Plaintiff to experience excessive anxiety, worry, apprehension, feeling on edged, irritability, anger, frustration, humiliation, difficulty falling and staying asleep, interference with normal and usual activities, and profound exacerbation of physical health related problems.

43. Plaintiff seeks actual damages, punitive damages, costs, and attorneys' fees, all of which are expressly provided by FCRA.

### COUNT 1:

**Willful violation of 15 U.S.C. § 168lj(a)(1)(A) for Equifax Inc. and Equifax Information Services LLC's willful failure to provide Plaintiff a free copy of Plaintiff's Equifax's credit report on September 9, 2022**

**(Against Equifax Inc. and Equifax Information Services LLC)**

11

## COUNT 2:

**Willful violation of 15 U.S.C. § 168lj(a)(1)(A) for Equifax Inc. and Equifax Information Services LLC's willful failure to provide Plaintiff a free copy of Plaintiff's Equifax's credit report during the month of July of 2024**

**(Against Equifax Inc. and Equifax Information Services LLC)**

## COUNT 3:

**Willful violation of 15 U.S.C. § 168lj(a)(2) for Equifax Inc. and Equifax Information Services LLC's willful failure to provide Plaintiff a free copy of Plaintiff's Equifax's credit report within 15 days of the receipt of Plaintiff's Annual Credit Report Request form
mailed August 2022**

**(Against Equifax Inc. and Equifax Information Services LLC)**

## COUNT 4:

**Willful violation of 15 U.S.C. § 168lj(a)(2) for Equifax Inc. and Equifax Information Services LLC's willful failure to provide Plaintiff a free copy of Plaintiff's Equifax's credit report within 15 days of the receipt of Plaintiff's Annual Credit Report Request form
mailed July 2024**

**(Against Equifax Inc. and Equifax Information Services LLC)**

44.   Plaintiff hereby states that paragraphs 1 through 43 contains sufficient facts to state a plausible claim for relief under 15 U.S.C. § 168lj(a)(1)(A) and 15 U.S.C. § 168lj(a)(2) of the FCRA as stated in Count 1, Count 2, Count 3, and Count 4 of Plaintiff's Complaint against Equifax Inc. and Equifax Information Services LLC.

45. Title 15 U.S.C. §1681j(a)(1)(A) provides: All consumer reporting agencies described in subsections (p) and (w) of section 1681a of this title shall make all disclosures pursuant to section 1681g of this title once during any 12-month period upon request of the consumer and without charge to the consumer.

46. Title 15 U.S.C. § 1681j(a)(2) provides: A consumer reporting agency shall provide a consumer report under paragraph (1) not later than 15 days after the date on which the request is received under paragraph (1).

47. Equifax Inc. is a nationwide CRA.

48. Equifax Information Services LLC is a nationwide CRA.

49. Equifax Inc. and Equifax Information Services LLC willfully refused to provide Plaintiff with Plaintiff's free annual disclosure on September 9, 2022 in direct violation of 15 U.S.C. §1681j(a)(1)(A).

50. Equifax Inc. and Equifax Information Services LLC willfully refused to provide Plaintiff with Plaintiff's free annual disclosure during the month of July of 2024 in direct violation of 15 U.S.C. §1681j(a)(1)(A).

51. Equifax Inc. and Equifax Information Services LLC willfully refused to provide Plaintiff with Plaintiff's free annual disclosure within fifteen (15) days of receipt of Plaintiff's properly completed "Annual Credit Report Request Form"

forwarded to Central Source, LLC during the month of August of 2022 and during the month of July of 2024.

52. Equifax Inc. and Equifax Information Services LLC willfully violated the FACT Act in reckless disregard of the rights of Plaintiff thereby exposing Plaintiff to an increased risk of identity theft due to Plaintiff's inability to review Plaintiff's Equifax's credit report for inaccurate information.

53. Equifax Inc. and Equifax Information Services LLC willfully violated the FACT Act in reckless disregard of Plaintiff's rights which impeded Plaintiff's ability from determining if the information in Plaintiff's Equifax's credit file is accurate, complete, and up to date before applying for a loan for a major purchase like a house or car.

54. As a result of Equifax Inc. and Equifax Information Services LLC's willful violations of the FACT Act, Equifax Inc. and Equifax Information Services LLC are liable to Plaintiff actual damages to proven at trial.

55. As a result of Equifax Inc. and Equifax Information Services LLC's willful violations of the FACT Act, Plaintiff is entitled to punitive damages for each violation. 15 U.S.C. §1681n(a)(2).

56. As a result of Equifax Inc. and Equifax Information Services LLC's willful violations of the FACT Act, Plaintiff is entitled to recover costs of suit. 15 U.S.C. § 1681n(a)(3).

57. Equifax Inc. and Equifax Information Services LLC's conduct is continuing and Equifax Inc. and Equifax Information Services LLC will continue to engage in this unlawful conduct against Plaintiff because Plaintiff is Black American.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Lillie M. Middlebrooks, respectfully prays this Court for the following relief:

A) Injunctive Relief : Order directing Equifax Inc. and Equifax Information Services LLC to immediately cease Equifax Inc. and Equifax Information Services LLC's violations of the Fair Credit Reporting Act and the FACT Act as it pertains to Plaintiff's lawful request to receive Plaintiff's free Equifax credit file under the Fair Credit Reporting Act and under the FACT Act.

B) Actual damages/compensatory damages in an amount to be proved at trial for past pecuniary losses, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses;

C)  Punitive damages for willful violations of the FCRA as provided by 15 U.S.C. § 1681n(2);

D)  Costs and attorneys' fees as provided for by 15 U.S.C. § 1681n(3) and 15 U.S.C. § 1681o(2);

E)  Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable.

Date: September 3, 2024        By: *Lillie M. Middlebrooks*
                                    Lillie M. Middlebrooks, *pro se*
                                    P.O. Box 1152
                                    Rome, Georgia 30162